J-S46017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY WILLIAMS | |
| Appellant | No. 2089 EDA 2014 |

Appeal from the Judgments of Sentence January 8, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003248-2012
CP-39-CR-0003366-2012

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.:

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 07, 2015**

Appellant, Anthony Williams, appeals *pro se* from the judgment of sentence entered on January 8, 2014, as made final by the resolution of his post-sentence motion on June 13, 2014.  We quash in part and affirm in part.

The factual background and procedural history of this case are as follows.[1]  On the morning of June 24, 2012, Jocelyn Kyte ("Kyte") was attending church services.  Kyte's three children remained at the family residence, located in Allentown.  Appellant broke into Kyte's residence and stole two video game systems, a laptop, and a cellular telephone.  On June 27, 2012, Nelly Negron ("Negron") was in the upstairs portion of her home,

[1] For simplicity, we only discuss the procedural history relevant to the issues in this appeal.

also located in Allentown. Appellant broke into her home and stole her laptop. He also attempted to steal Negron's television, but was unsuccessful.

Negron confronted Appellant as he fled with the laptop. A physical confrontation ensued and Appellant struck Negron during the altercation. Appellant was seen running away from Negron's residence. A police broadcast went out with a physical description of the suspect and the direction he was last seen traveling. Officer Michael Mancini saw Appellant, who matched the suspect's physical description, walking in the vicinity where the suspect was last observed. Appellant was carrying two bags, one of which Officer Mancini believed to be a laptop bag. Officer Mancini exited his vehicle and asked Appellant if he could speak with him. Appellant turned and fled the scene on foot. Officer Mancini gave chase. During the ensuing pursuit, Appellant dropped the bags he was carrying. Eventually, Appellant was apprehended after Officer Mancini deployed his taser. Police then recovered the two bags that Appellant abandoned during the chase.

On June 27, 2012, Appellant was interviewed by Detective Andrew Hackman regarding the Negron burglary. During that interview, Appellant confessed to stealing Negron's laptop but did not admit to entering her residence. On July 17, 2012, Appellant was interviewed by now-Officer[2] Michael Popovich regarding the Kyte burglary. During that interview,

_____

[2] **See** page 22, _infra_.

Appellant made incriminating statements about his involvement in the Kyte burglary. Appellant attempted to discuss the Negron burglary with Officer Popovich; however, Officer Popovich told Appellant that they could not discuss the Negron burglary because counsel was appointed in that case.

On June 27, 2012, Appellant was charged via criminal complaint at docket 39-CR-0003248-2012 ("case 3248") with burglary,[3] criminal trespass,[4] theft by unlawful taking,[5] receiving stolen property,[6] simple assault,[7] and resisting arrest.[8] The charges in case 3248 arose from Appellant's burglary of Negron's residence. On July 23, 2012, Appellant was charged via criminal complaint at docket 39-CR-0003366-2012 ("case 3366") with burglary, criminal trespass, theft by unlawful taking, and receiving stolen property. The charges in case 3366 arose from Appellant's burglary of Kyte's residence. On August 2, 2012, Attorney David Ritter was appointed to represent Appellant. On August 31, 2012, criminal informations were filed in both cases charging the same offenses as the criminal complaints.

---

[3] 18 Pa.C.S.A. § 3502(a).

[4] 18 Pa.C.S.A. § 3503(a)(1)(ii).

[5] 18 Pa.C.S.A. § 3921(a).

[6] 18 Pa.C.S.A. § 3925(a).

[7] 18 Pa.C.S.A. § 2701(a)(1).

[8] 18 Pa.C.S.A. § 5104.

On November 8, 2012, Appellant filed a *pro se* motion to waive his right to counsel and proceed *pro se.* On December 3, 2012, the trial court held a hearing on Appellant's motion. At the conclusion of that hearing, the trial court granted Appellant's motion to proceed *pro se* and appointed Attorney Ritter to serve as standby counsel. That same day, Appellant also filed an omnibus pre-trial motion. Appellant amended his omnibus pre-trial motion on January 22, 2013. In that motion, he sought suppression of the two videotaped confessions and the bags recovered when he fled from police. He also sought consolidation of cases 3248 and 3366. On January 28, 2013, the trial court granted Appellant's request to consolidate the two cases for trial.

On March 28, 2013, a suppression hearing was held but no ruling was immediately forthcoming. Over the next several months Appellant filed dozens of discovery related motions. These included a motion seeking to examine Officer Popovich's personnel file and a motion seeking permission to view his videotaped confession. Appellant also sought discovery from the Commonwealth of a police report used during one of his interrogations and videos from city cameras. The trial court denied Appellant's motion to examine Officer Popovich's personnel file. Originally, the trial court ordered the county jail to permit Appellant to view his videotaped confessions; however, the jail lacked the necessary technology. Therefore, the district attorney permitted Appellant and Attorney Ritter to view the confessions in

the district attorney's office. In addition, although the Commonwealth initially denied possessing the police report used during Appellant's interrogation, the report was produced to Appellant after it was located. On June 26, 2013, the trial court denied Appellant's motion to suppress.

On September 3, 2013, Appellant sought dismissal of the charges on the grounds that the Commonwealth delayed production of the police report and his inability to view the confessions in jail. That same day, Appellant also sought dismissal for violation of Pennsylvania Rule of Criminal Procedure 600. On November 5, 2013, Appellant again waived his right to counsel. On November 15, 2013, the trial court denied Appellant's motion to dismiss for alleged discovery violations and denied Appellant's motion to dismiss for violation of Rule 600.

On November 19, 2013, trial commenced. On the second day of trial, November 20, 2013, Appellant no longer wanted to represent himself. Attorney Ritter therefore stepped in and became trial counsel. That same day, the Commonwealth moved *in limine* to prohibit cross-examination of Officer Popovich regarding his personnel file and to prohibit evidence relating to the Commonwealth's alleged discovery violations. The trial court granted the Commonwealth's motion *in limine*.

On November 21, 2013, the jury retired to deliberate. During its deliberations, the jury asked to view Appellant's videotaped confession

relating to case 3366.[9]  The trial court permitted the jury to view the confession on a laptop in the jury room.  That same evening, the jury found Appellant guilty of burglary, criminal trespass, theft by unlawful taking, and receiving stolen property in cases 3248 and 3366.  The jury found Appellant not guilty of simple assault and resisting arrest in case 3248.

On December 17, 2013, Appellant filed a motion seeking to proceed *pro se* on this direct appeal.  On December 24, 2013, the trial court denied that motion.  On January 8, 2014, Appellant orally moved for arrest of judgment.  The trial court denied that motion and immediately proceeded to sentencing.   Appellant was then sentenced in cases 3248 and 3366.  In both cases, Appellant was sentenced to 6 to 20 years' imprisonment for burglary.  The remaining six counts merged with the burglary convictions. The two sentences were ordered to run consecutively.

On January 16, 2014, Appellant filed a post-sentence motion. Appellant argued, *inter alia*, that the trial court erred by permitting one of his confessions to go back with the jury.  Thereafter, Attorney Ritter joined the Lehigh County Public Defender's office which raised a conflict in his representation of Appellant.  On March 6, 2014, the trial court appointed Attorney Sean Poll to represent Appellant.  Appellant filed an amended post-sentence motion on March 17, 2014.  That same day, Appellant moved to

---

[9] The jury did not request to view the confession in case 3248 and the DVD with that confession was not sent back with the jury.

waive his right to counsel. On April 21, 2014, the trial court denied Appellant's motion to waive counsel.

On June 13, 2014, the trial court granted in part and denied in part Appellant's post-sentence motion. The trial court agreed that it erred by sending one of Appellant's confessions out with the jury. The trial court concluded that the error prejudiced Appellant in case 3366. Therefore, the trial court vacated Appellant's judgment of sentence in case 3366. The trial court concluded, however, that the error did not prejudice Appellant as to case 3248. Thus, it denied Appellant's post-sentence motion as to case 3248. This timely appeal followed.

Thereafter, on July 11, 2014, Appellant once again moved to waive counsel for this direct appeal. On July 17, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On July 18, 2014, the Commonwealth filed a motion to reconsider. In that motion, the Commonwealth alleged that the submission of Appellant's confession to the jury prejudiced him in both case 3248 and case 3366. As the notice of appeal had already been filed, however, the trial court lacked jurisdiction to reach the merits of the Commonwealth's motion to reconsider. On July 25, 2014, Appellant filed his concise statement, which included all issues raised on appeal. On August 29, 2014, a hearing was held regarding Appellant's motion to proceed *pro se* on this direct appeal. The trial court granted

Appellant's motion at the conclusion of that hearing and appointed Attorney Poll as standby counsel. On September 5, 2014, the trial court issued its Rule 1925(a) opinion. Thereafter, this Court remanded this case to the trial court to permit supplementation of the certified record. The case is now ripe for disposition.

Appellant presents 11 issues for our review:

1. [Did the trial court possess jurisdiction in this case?

2. Did the prosecution of Appellant violate his right to equal protection?

3. Was Appellant entitled to have the charges dismissed because the Commonwealth violated Pennsylvania Rule of Criminal Procedure 600?

4. Did the Commonwealth's discovery violation warrant dismissal of all charges?

5. Was the evidence at trial sufficient to find Appellant guilty?

6. Did the violation of Pennsylvania Rule of Criminal Procedure 646 prejudice Appellant?

7. Did the trial court err in denying Appellant's discovery request relating to Officer Popovich's personnel file?

8. Did the trial court err by not suppressing Appellant's confessions?

9. Did the trial court err by not suppressing Appellant's bags?

10. Did the trial court err by granting the Commonwealth's motion *in limine*?

11. Was the verdict against the weight of the evidence]?

Appellant's Brief at vi.[10]

Prior to addressing the merits of this appeal, we must first determine if we have jurisdiction. **See Commonwealth v. Harris**, 114 A.3d 1, 6 (Pa. Super. 2015) (citation omitted) ("[W]e may *sua sponte* consider whether we have jurisdiction to consider the merits of the claims presented."). "As a general rule, this Court has jurisdiction only over appeals taken from final orders." **Angelichio v. Myers**, 110 A.3d 1046, 1048 (Pa. Super. 2015) (citation omitted). Typically, in criminal cases only judgments of sentence are final appealable orders. **Commonwealth v. Heilman**, 876 A.2d 1021, 1026 (Pa. Super. 2005). The judgment of sentence in case 3366 was vacated. Therefore, as to Appellant, no final order has been entered in case 3366. We therefore quash this appeal insomuch as Appellant challenges the trial court's orders in case 3366.

We next turn to the merits of Appellant's appeal as it relates to case 3248. In his first issue, Appellant argues that the trial court lacked jurisdiction over this case. "Issues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary. Questions of law are subject to a *de novo* standard of review." **In re J.A.**, 107 A.3d 799, 813 n.15 (Pa. Super. 2015) (citation omitted). "Jurisdiction relates to the court's power to hear and decide the controversy presented. All courts of common pleas have statewide subject matter jurisdiction in

---

[10] We have re-numbered the issues for ease of disposition.

cases arising under the Crimes Code." ***Commonwealth v. Gross***, 101 A.3d 28, 32 (Pa. 2014) (internal citation, quotation marks, and alteration omitted). In this case, the burglary occurred in Lehigh County, which is in the Commonwealth of Pennsylvania. Therefore, all courts of common pleas in the Commonwealth, including the Court of Common Pleas of Lehigh County, possessed jurisdiction over this case.

Appellant essentially argues that he is a "sovereign citizen" and, therefore, is not subject to the laws of the Commonwealth of Pennsylvania. ***Cf.*** Charles E. Loesser, *From Paper Terrorists to Cop Killers: The Sovereign Citizen Threat*, 93 N.C. L. Rev. 1106, 1120-1125 (2015) (describing the beliefs held by sovereign citizens). Courts in this Commonwealth and across the nation have rejected such sovereign citizen claims. ***Moyer v. Zoning Hearing Bd. of W. Pottsgrove Tp.***, 2010 WL 9517394, *18–19 (Pa. Cmwlth. July 8, 2010); ***see United States v. Himmelreich***, 481 F. App'x 39, 40 n.2 (3d Cir. 2012) (*per curiam*), *citing **United States v. Benabe***, 654 F.3d 753, 767 (7th Cir. 2011); ***Charlotte v. Hanson***, 433 F. App'x 660, 661 (10th Cir. 2011). We agree with these courts that such sovereign citizen claims are frivolous.

In his second issue, Appellant argues that his prosecution violated the equal protection clause of the United States constitution because neither he nor his ancestors consented to the Pennsylvania constitution. As this presents a pure question of law, our standard of review is *de novo* and our

scope of review is plenary. *See Commonwealth v. Atwell*, 785 A.2d 123, 125 (Pa. Super. 2001). Appellant argues that his prosecution violates the equal protection clause for the same reason that the trial court lacked jurisdiction over his case, *i.e.*, neither he nor his ancestors consented to the Pennsylvania constitution. As noted above, such sovereign citizen arguments are wholly frivolous. Accordingly, Appellant's prosecution does not violate the equal protection clause.

In his third issue, Appellant argues that the Commonwealth violated Pennsylvania Rule of Criminal Procedure 600. Rule 600 provides, in pertinent part:

> (A) . . . . (3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.
>
> * * *
>
> (C) In determining the period for commencement of trial, there shall be excluded therefrom
>
> * * *
>
> (3) such period of delay at any stage of the proceedings as results from:
>
> (a) the unavailability of the defendant or the defendant's attorney;
>
> (b) any continuance granted at the request of the defendant or the defendant's attorney.
>
> * * *

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. . . . If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 600.[11]

As we have stated:

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

---

[11] Rule 600 was rescinded on October 1, 2012 and a new Rule 600 was promulgated. As both complaints were filed prior to October 1, 2012, this case is governed by the former Rule 600.

- 12 -

*Commonwealth v. Thompson*, 93 A.3d 478, 486–487 (Pa. Super. 2014) (internal alterations, ellipses, and citation omitted).

Although we review the trial court's determinations as to whether a period is excludable time, excusable delay, or attributable to the Commonwealth for an abuse of discretion, we review all questions of law, including the application of Rule 600, *de novo*. **Cf. Commonwealth v. Dixon**, 907 A.2d 468, 472 (Pa. 2006) (citation omitted) (whether a defendant is entitled to release under Rule 600 is a question of law reviewed *de novo*). Our scope of review on such questions of law is plenary. **See id.**

This Court has explained:

> To summarize, the courts of this Commonwealth employ three steps in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.
>
> If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600. As we have explained, Rule 600 encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600 extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

*Commonwealth v. Armstrong*, 74 A.3d 228, 236 (Pa. Super. 2013), *aff'd*, 107 A.3d 735 (Pa. 2014) (*per curiam*) (citation and ellipsis omitted).

In this case, the mechanical run date was June 27, 2013. On December 3, 2012, Appellant filed his omnibus pre-trial motion. On June 26, 2013, the trial court ruled on that pretrial motion. When "delay in the commencement of trial is caused by the filing of the pretrial motion," that time is excludable. *Commonwealth v. Hyland*, 875 A.2d 1175, 1190 (Pa. Super. 2005), *appeal denied*, 890 A.2d 1057 (Pa. 2005 (internal quotation marks and citation omitted). In this case, the delay in Appellant's trial was attributable to his pre-trial motion. Thus, at a minimum, the adjusted run date was January 18, 2014.[12] Appellant's trial commenced well before that date. Accordingly, the trial court properly denied his Rule 600 motion.

In his fourth issue, Appellant argues that the trial court should have dismissed the charges because of the Commonwealth's discovery violations. As it relates to case 3248, Appellant argues that the Commonwealth committed two discovery violations. First, he argues that the Commonwealth failed to furnish a police report that was read to him during his confession. Second, he argues that videotapes from city cameras were not furnished to him.

We review a trial court's order relating to a discovery violation for an abuse of discretion. *See Commonwealth v. Burke*, 781 A.2d 1136, 1146 (Pa. 2001). "[W]here there is no evidence of deliberate, bad faith

---

[12] The Commonwealth argues that other time was also excludable. We need not address those time periods, however, because even if they were not excludable Appellant was still tried before the adjusted run date.

- 14 -

overreaching by the prosecutor intended to provoke the defendant into seeking a mistrial or to deprive the defendant of a fair trial, the proper remedy for the Commonwealth's failure to disclose exculpatory materials should be less severe than dismissal." ***Id.***

In this case, there was no discovery violation warranting dismissal. As to the police report, the Commonwealth did produce the report in an untimely manner; however, there is no evidence of deliberate bad faith on the part of the Commonwealth. As soon as the Commonwealth realized the report was in its possession, it turned the report over to Appellant. This occurred six weeks prior to trial. As to the videotapes from city cameras, Appellant concedes that he was able to view the videos with his standby counsel in the district attorney's office. Appellant's Brief at 10. This accommodation was made because Appellant was having difficulty viewing the videos with the equipment provided in jail. As Appellant was provided the report and videos at least six weeks prior to trial, Appellant is also unable to prove any prejudice that resulted from delayed production of the materials. Accordingly, the Commonwealth did not violate the trial court's discovery orders and Appellant was not entitled to dismissal of these charges.

In his fifth issue, Appellant argues that the evidence was insufficient to find him guilty. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review

is plenary." ***Commonwealth v. Tejada***, 107 A.3d 788, 792 (Pa. Super. 2015) (citation omitted). In reviewing a sufficiency of the evidence claim, we must determine whether "viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Gonzalez***, 109 A.3d 711, 716 (Pa. Super. 2015) (internal alteration and citation omitted). "The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide." ***Commonwealth v. Forrey***, 108 A.3d 895, 897 (Pa. Super. 2015) (citation omitted).

Appellant makes two arguments related to the sufficiency of the evidence. First, he argues that Negron would have been unable to see him because of the layout of her house. This argument is without merit. Negron testified that she saw Appellant fleeing her residence with the laptop. There was no physical evidence to contradict her testimony and Appellant presented no expert testimony that it would have been physically impossible for her to see Appellant given the layout of her residence. Appellant's arguments to the contrary go to the weight of the evidence and not its sufficiency. Thus, there was sufficient evidence that Appellant burglarized Negron's residence.

Second, Appellant argues that there was insufficient evidence regarding the value of the laptop for purposes of grading the receiving stolen property offense. This argument is waived. "[T]o preserve a claim that the evidence was insufficient, [an appellant's concise] statement needs to specify the element or elements upon which the evidence was insufficient." *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008). In his concise statement, Appellant merely alleged that "[t]he evidence was not sufficient to support the verdict on all the charges in both cases[.]" Concise Statement, 7/25/14. Appellant did not specify in his concise statement that there was insufficient evidence regarding the valuation for the receiving stolen property conviction in case 3248. The trial court did not address that element in its Rule 1925(a) opinion. As this deficiency has hampered our review of Appellant's claim, we find Appellant's argument waived. *See Commonwealth v. Orie Melvin*, 103 A.3d 1, 42 (Pa. Super. 2014) (citation omitted).

In his sixth issue, which the trial court described as the crux of this appeal, Appellant argues that he was prejudiced by the jury having access to his videotaped confession in the jury room in violation of Pennsylvania Rule of Criminal Procedure 646. As noted above, the trial court granted Appellant relief with respect to this claim as it relates to case 3366. The trial court vacated his judgment of sentence in that case and ordered a new trial. The trial court determined, however, that the error did not prejudice Appellant as

- 17 -

it relates to case 3248. Therefore it denied Appellant relief with respect to that case.

We conclude that Appellant has waived this issue. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Rule 302(a) has [never] been interpreted as meaning that issues may be raised at any time during the lower court proceedings in order to preserve them. Rather, it is axiomatic that issues are preserved when objections are made timely to the error or offense." *Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008).

In this case, Appellant did not object to the confession going back with the jury. *See* N.T., 11/21/13 v.2, at 4-8.[13] Instead, when the jury requested to view the confession, the trial court sought suggestions on how to accommodate the request. After some discussion between the jury foreman, the trial court, the Commonwealth, and Appellant's counsel, the DVD of the confession was sent back with the jury to view on a laptop. When this occurred, the trial court asked if there were any objection. Defense counsel responded "No[.]"[14] *Id.* at 8.

---

[13] The notes of testimony for November 21, 2013 are divided into two volumes. We refer to volume 2 as that volume which includes the trial court adjourning at 10:19 p.m.

[14] We note that counsel's failure to object to the confession going back with the jury raises a colorable claim of ineffectiveness because, during Appellant's confession in case 3366, he referenced case 3248. However, we leave that issue for post-conviction proceedings.

Like the trial court, we are unaware of any cases in which this Court or our Supreme Court found that a defendant waived a Rule 646(C)(2) claim.[15] *See* Trial Court Opinion, 6/27/14, at 6. We find instructive, however, this Court's decision in ***Commonwealth v. Morton***, 774 A.2d 750 (Pa. Super. 2001), *appeal denied*, 788 A.2d 374 (Pa. 2001). In ***Morton***, this Court, prior to reaching the defendant's Rule 1114 (later renumbered Rule 646) issue, emphasized that the appellant had objected prior to the confession being sent back with the jury. ***Id.*** at 752. This indicates that an objection must be made prior to the confession going out with the jury in order for the issue to be preserved.

We also find instructive the case cited by the trial court in its opinion. The trial court, when determining it had erred by sending Appellant's confession back with the jury, cited ***Commonwealth v. Young***, 767 A.2d 1072 (Pa. Super 2001). ***See*** Trial Court Opinion, 6/27/15, at 5. In ***Young***, a defendant's written confession was sent back with the jury without objection by the defendant. The defendant thereafter filed a post-sentence motion and the trial court granted a new trial. This Court affirmed. ***Young***, 767 A.2d at 1076. This Court did not affirm, however, because of the trial court's error in sending the written confession out with the jury. Instead, this Court affirmed because the defendant's counsel was ineffective in failing

---

[15] Rule 646(c)(2) of the Pennsylvania Rules of Criminal Procedure provides, "(c) during deliberations, the jury shall not be permitted to have…(2) a copy of any written or otherwise recorded confession by the defendant."

to object to the confession going back with the jury.[16]  **_Id._**  This indicates that, in order to preserve the issue for a direct appeal, a defendant is required to object before the confession goes back with the jury.

To the extent the trial court believes Appellant preserved this issue because he did not affirmatively consent to the confession going back with the jury, **_see_** Trial Court Opinion, 6/27/14, at 6, we disagree. This misconstrues Rule 302. Under Rule 302, waiver may be found whenever there has been a failure to place a timely and specific objection on the record.  For example, if hearsay is wrongly admitted at trial, a litigant must raise a timely objection in order to preserve appellate review of that issue. Even in the absence of affirmative consent, a litigant waives his appellate challenge if he fails to raise an objection to the admission of the hearsay statement.  **_Lower Makefield Tp. v. Lands of Chester Dalgewicz_**, 67 A.3d 772, 776-777 (Pa. 2013) (citation omitted).  The same is true with respect to a confession going back with the jury in violation of Rule 646(C)(2).  The defendant is required to make a timely objection, _i.e._, an objection prior to the confession being sent back with the jury.  In this case, Appellant failed to make such an objection.  Therefore, Appellant's sixth issue on appeal is waived.

---

[16] **_Young_** was decided prior to **_Commonwealth v. Grant_**, 813 A.2d 726 (Pa. 2002), in which our Supreme Court held that ineffective assistance of counsel claims could not be raised on direct appeal.

In his seventh issue, Appellant argues that the trial court erred by denying him access to Officer Popovich's personnel file. We conclude that this issue is waived as it relates to case 3248, the only appeal over which we have jurisdiction. In his brief, Appellant only argues that Officer Popovich's credibility was important in case 3366. *See* Appellant's Brief at 14. He makes no argument as to how Officer Popovich's credibility was important as to case 3248. Therefore, Appellant waived this issue as it relates to case 3248. *See* Pa.R.A.P. 2101, 2119(a).

Furthermore, even if we reached the merits of this issue we would conclude that it is without merit. We review a trial court's denial of a defendant's requested discovery for an abuse of discretion. *Orie Melvin*, 103 A.3d at 34–35 (citation omitted). Pennsylvania Rule of Criminal Procedure 573 provides, in relevant part:

> [I]f the defendant files a motion for pretrial discovery, the court may order the Commonwealth to allow the defendant's attorney to inspect and copy or photograph any of the following requested items, upon a showing that they are material to the preparation of the defense, and that the request is reasonable . . . any other evidence specifically identified by the defendant, provided the defendant can additionally establish that its disclosure would be in the interests of justice.

Pa.R.Crim.P. 573(A)(2)(a)(iv). A defendant is not entitled to wholesale inspection of a police officer's personnel file. *Commonwealth v. Mejia-Arias*, 734 A.2d 870, 876 (Pa. Super. 1999). Instead, in order to examine a police officer's personnel file, a defendant is required to demonstrate a

- 21 -

reasonable basis for his request which is likely to produce admissible evidence. *See id.*

Appellant argues that Officer Popovich was demoted from detective to officer during the pendency of these charges. He argues that Officer Popovich's personnel file may reveal the reasons for the demotion. Appellant contends that Officer Popovich's demotion could be related to illegal interrogation tactics, similar to those Appellant argues that Officer Popovich used in the case *sub judice*.

In denying Appellant's request, the trial court found that Appellant failed to present any evidence that Officer Popovich was demoted from detective to police officer. Trial Court Opinion, 6/26/13, at 8. We conclude that this finding is not supported by the record. At the suppression hearing, Officer Popovich testified that he was a detective at the time he interviewed Appellant but was a patrol officer at the time of the suppression hearing. N.T., 3/28/13, at 66-67. Thus, Appellant did present evidence that Officer Popovich was demoted from detective to patrol officer.

The trial court, however, found that even if Officer Popovich were demoted, Appellant failed to provide any evidence that Officer Popovich was demoted for conduct related to interrogations, *i.e.*, anything that would be relevant. *See id.* We ascertain no abuse of discretion on the part of the trial court in reaching this alternative holding. On appeal, Appellant points to no evidence that connects Officer Popovich's demotion to the conduct of

the interrogation. Thus, even if we reached the merits of this issue, we would conclude Appellant is not entitled to relief.

In his eighth and ninth issues, Appellant argues that the trial court erred in denying his motion to suppress. He argues that his confessions should have been suppressed because the police officers interrogating him offered leniency in return for his confessions. Appellant further argues that the trial court erred in not suppressing the contents of his bags. He argues that police lacked probable cause to pursue him and that his abandonment of the bags was forced.

Our "standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Garibay*, 106 A.3d 136, 138 (Pa. Super. 2014) (citation omitted). "[O]ur scope of review is limited to the factual findings and legal conclusions of the suppression court." *In re L.J.*, 79 A.3d 1073, 1080 (Pa. 2013) (citation omitted). "We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole." *Commonwealth v. Gary*, 91 A.3d 102, 106 (Pa. 2014) (citation omitted). "Once a defendant files a motion to suppress, the Commonwealth has the burden of proving that the evidence in question was lawfully obtained without violating the defendant's rights."

***Commonwealth v. Fleet***, 114 A.3d 840, 844 (Pa. Super. 2015) (citation omitted).

We first consider whether the trial court erred in denying Appellant's suppression motion as it relates to his confessions. As noted above, we lack jurisdiction to consider the suppression of the confession in case 3366. Thus, we focus on the confession in case 3248. "A confession obtained during a custodial interrogation is admissible where the accused's right to remain silent and right to counsel have been explained and the accused has knowingly and voluntarily waived those rights." ***Commonwealth v. Harrell***, 65 A.3d 420, 433 (Pa. Super. 2013), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citation omitted). "When a court is called upon to determine whether a confession is voluntary and, hence, admissible at trial, it examines the totality of the circumstances surrounding the confession to ascertain whether it is the product of an essentially free and unconstrained choice by its maker." ***Commonwealth v. Smith***, 85 A.3d 530, 537 (Pa. Super. 2014) (citation omitted). "The question of voluntariness is not whether the defendant would have confessed without interrogation, but whether the interrogation was so manipulative or coercive that it deprived the defendant of his ability to make a free and unconstrained decision to confess." ***Commonwealth v. Ogrod***, 839 A.2d 294, 320 (Pa. 2003) (citation omitted). Among the factors we consider when assessing the totality of the circumstances are "the duration and means of the interrogation; the physical

and psychological state of the accused; the conditions attendant to the detention; the attitude of the interrogator; and any and all other factors that could drain a person's ability to withstand suggestion and coercion." *Commonwealth v. Templin*, 795 A.2d 959, 966 (Pa. 2002). "Promises of benefits or special considerations, however benign in intent, comprise the sort of persuasions and trickery which easily can mislead suspects into giving confessions." *Commonwealth v. Morgan*, 606 A.2d 467, 469 (Pa. Super. 1992), *aff'd*, 652 A.2d 295 (Pa. 1994) (citation omitted).

We have carefully reviewed the videotaped confession, other exhibits entered into evidence at the suppression hearing, and the notes of testimony from the suppression hearing. After reviewing those materials, we conclude that Appellant's confession was voluntary. Detective Hackman begin the interview by informing Appellant that he could not make any promises. He also informed Appellant that he was under arrest. Detective Hackman proceeded to inform Appellant of his right to remain silent, his right to speak with an attorney, his right to have an attorney present, and his right to stop the interview at any time. Appellant then signed an "Advice of Rights" form which outlined these rights. Suppression Hearing Exhibit 1. Detective Hackman informed Appellant that the district attorney appreciates full cooperation and truthfulness. The interrogation then continued and Appellant eventually confessed to stealing Negron's laptop.

Based upon this review of the confession, all of the **Templin** factors weigh in favor of finding Appellant's confession voluntary. The interrogation was relatively short, approximately 25 minutes in length. There were no other police officers in the room except Detective Hackman. Appellant was not in handcuffs. Appellant informed Detective Hackman that he was in good physical and mental shape. The interrogation occurred in a normal sized room with a table, four chairs, and a telephone. Furthermore, Detective Hackman and Appellant had a previous relationship as Detective Hackman was investigating a crime in which Appellant was the victim.

Detective Hackman did inform Appellant that the district attorney appreciates full cooperation. This statement, however, is not an offer of leniency in exchange for Appellant's confession. Instead, this type of statement is permitted in Pennsylvania. **Commonwealth v. Nester**, 709 A.2d 879, 884 (Pa. 1998) (citations omitted) ("Encouraging a suspect to cooperate with the investigation and answer questions honestly is a permissible interrogation tactic."). Detective Hackman never promised leniency or special benefits. Instead, he informed Appellant that he "can't make any promises." Suppression Hearing Exhibit 2, at 1:50:20-1:50:30.[17] Accordingly, after considering the totality of the circumstances, we agree with the trial court that Appellant's confession was voluntary.

---

[17] We cite to the time stamp appearing on Appellant's videotaped confession.

We thus turn to Appellant's argument that the trial court erred in not suppressing the bags he abandoned. Specifically, Appellant argues that Officer Mancini lacked probable cause to pursue him. Thus, according to Appellant, his abandonment of the bags was forced. Appellant contends that he maintained a privacy interest in the abandoned bags and the police search of the bags was unconstitutional. The Commonwealth argues that Officer Mancini possessed reasonable suspicion to pursue Appellant. Consequently, the Commonwealth maintains, Appellant's forced abandonment claim must fail.

"Both the Fourth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures." *Commonwealth v. Gillespie*, 103 A.3d 115, 118 (Pa. Super. 2014) (citation omitted). "To safeguard these rights, courts require police to articulate the basis for their interaction with citizens in three increasingly intrusive situations." *Commonwealth v. Clemens*, 66 A.3d 373, 378 (Pa. Super. 2013) (internal alterations, quotation marks, and citation omitted).

> The first of these is a mere encounter (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an investigative detention must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally, an arrest or custodial detention must be supported by probable cause.

*Commonwealth v. Ranson*, 103 A.3d 73, 76-77 (Pa. Super. 2014), *appeal denied*, 117 A.3d 296 (Pa. 2015) (internal alteration, quotation marks, and citation omitted).

"It is axiomatic that a defendant has no standing to contest the search and seizure of items which he has voluntarily abandoned." *Commonwealth v. Byrd*, 987 A.2d 786, 790 (Pa. Super. 2009). "Abandonment can be established where an individual's surrender of possession of the property constitutes such a relinquishment of interest in the property that a reasonable expectation of privacy may no longer be asserted." *Commonwealth v. Clark*, 746 A.2d 1128, 1134 (Pa. Super. 2000), *appeal denied*, 764 A.2d 1064 (Pa. 2000) (internal alteration and citation omitted). "Although abandoned property may normally be obtained and used for evidentiary purposes by the police, such property may not be utilized where the abandonment is coerced by unlawful police action." *Commonwealth v. Tillman*, 621 A.2d 148, 150 (Pa. Super. 1993) (citation omitted).

In this case, Officer Mancini testified that he exited his patrol vehicle and asked Appellant if he could speak with him. It is well-settled that a police officer may approach an individual in public and ask to speak to him or her without raising the interaction from a mere encounter to an investigative detention a custodial detention. *Commonwealth v. Guess*, 53 A.3d 895, 901 (Pa. Super. 2012), *appeal denied*, 67 A.3d 794 (Pa. 2013); *Commonwealth v. Au*, 42 A.3d 1002, 1007 (Pa. 2012);

***Commonwealth v. Coleman***, 19 A.3d 1111, 1116-1117 (Pa. Super. 2011).

Thus, when Officer Mancini asked to speak with Appellant, their interaction was a mere encounter.

Upon hearing Officer Mancini's request, Appellant immediately begin sprinting away from Officer Mancini. At this point, Officer Mancini gave chase. As soon as Officer Mancini gave chase, the encounter escalated to an investigative detention. ***See Commonwealth v. Matos***, 672 A.2d 769, 771–776 (Pa. 1996). Thus, we turn to whether there was reasonable suspicion for Officer Mancini's pursuit.

As this Court has explained:

> Reasonable suspicion is a less stringent standard than probable cause necessary to effectuate a warrantless arrest, and depends on the information possessed by police and its degree of reliability in the totality of the circumstances. . . . In assessing the totality of the circumstances, courts must also afford due weight to the specific, reasonable inferences drawn from the facts in light of the officer's experience and acknowledge that innocent facts, when considered collectively, may permit the investigative detention.

> The determination of whether an officer had reasonable suspicion . . . is an objective one, which must be considered in light of the totality of the circumstances.

***Clemens***, 66 A.3d at 379 (ellipsis and citation omitted).

Based upon the totality of the circumstances, we conclude that reasonable suspicion existed for Officer Mancini's pursuit of Appellant. Officer Mancini received a radio call that a burglary just occurred. A fellow police officer informed Officer Mancini of the direction the suspect was last

seen running. Officer Mancini was informed that the suspect was an African-American male wearing black shorts and a white t-shirt. Officer Mancini also knew the burglar stole a laptop computer. Officer Mancini then spotted Appellant (an African-American male) wearing a gray t-shirt, black shorts, and carrying a laptop computer bag. Officer Mancini therefore exited his vehicle and asked if he could speak with Appellant. It was at this time that Appellant sprinted away from Officer Mancini and the foot pursuit began.

Appellant makes two main arguments as to why this information did not constitute reasonable suspicion. First, he argues that he was walking, and not running. This, however, is insufficient to overcome the substantial circumstantial evidence Officer Mancini possessed. The fact that Appellant challenges the characterization of his pace does not mean that he did not fit the description of the suspect. Second, Appellant argues that because he was wearing a gray t-shirt, and not a white t-shirt, he did not match the suspect's description. White and gray, however, can easily be confused with each other. When evaluating the totality of the suspect's description, it is evident that Appellant sufficiently matched the description of the suspect to give Officer Mancini reasonable suspicion once Appellant fled for no apparent reason. Furthermore, Officer Mancini testified at the suppression hearing that, in his experience, it was not uncommon for suspects to change shirts after committing a crime. Therefore, we conclude that reasonable suspicion existed for Officer Mancini's pursuit of Appellant. Thus, Appellant's

abandonment of his bags was not forced.  Accordingly, Appellant did not have a privacy interest in the bags and the trial court properly denied his motion to suppress.

In his tenth issue, Appellant argues that the trial court erred by granting the Commonwealth's motion *in limine*.  He argues that he should have been able to cross-examine Officer Popovich regarding his demotion. He further argues that he should have been able to present evidence and argument relating to the Commonwealth's alleged discovery violations. "When reviewing a ruling on a motion *in limine*, we apply an evidentiary abuse of discretion standard of review.  The admission of evidence is committed to the sound discretion of the trial court and our review is for an abuse of discretion." *Commonwealth v. Parker*, 104 A.3d 17, 21 (Pa. Super. 2014), *appeal denied*, 117 A.3d 296 (Pa. 2015) (citation omitted).

"[A] police witness [may] be cross-examined about misconduct as long as the wrongdoing is in some way related to the defendant's underlying criminal charges and establishes a motive to fabricate." *Commonwealth v. Bozyk*, 987 A.2d 753, 757 (Pa. Super. 2009) (citations omitted).  "However, if the prior police behavior is unrelated to the present matter and irrelevant, the trial court is permitted to restrict questioning on the prior incident." *Id.* (citations omitted).

In this case, Appellant presented no evidence as to how Officer Popovich's alleged demotion was related to his case.  He presents two

theories as to how Officer Popovich's alleged demotion was related to his case. First, he argues that Officer Popovich was demoted because of inadequate job performance. Appellant has no evidence to support this claim.

Appellant also argues that Officer Popovich's demotion may have shown a pattern of lying which would go to his credibility. Appellant offered no proof of this claim. Moreover, Appellant's generalized claim has been previously rejected. *See id.* at 758; ***Commonwealth v. Boczkowski***, 846 A.2d 75, 96 (Pa. 2004) (collateral matters are irrelevant and inadmissible on cross-examination). The same is true in this case. Officer Popovich's demotion was collateral to the issues in this case. Accordingly, the trial court did not abuse its discretion in limiting Appellant's cross-examination of Officer Popovich.

Appellant also argues that the trial court erred in barring evidence regarding alleged discovery violations. As noted above, however, the trial court ruled (and we affirm today) that no discovery violations occurred. As such, we conclude that the trial court did not abuse its discretion in prohibiting Appellant from presenting evidence relating to the alleged discovery violations.

Finally, Appellant contends that the conviction is against the weight of the evidence. A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or (3) in a post-sentence motion." *In re J.B.*, 106 A.3d 76, 97 (Pa. 2014) (citation omitted). Appellant properly preserved his weight of the evidence claim by raising the issue in his post-sentence motion.

"[A] new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice." *Tejada*, 107 A.3d at 795–796 (internal alteration and citation omitted). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. . . . Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]" *Commonwealth v. Ferguson*, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted).

When ruling on Appellant's weight of the evidence claim, the trial court concluded, "The verdict in this case does not shock one's sense of justice. The jury evidently considered and weighed all the evidence presented, determined witness credibility, and found that the Commonwealth met its burden. The jury's verdict is adequately supported by the credible evidence presented at trial[.]" Trial Court Opinion, 6/27/14, at 8. We ascertain no abuse of discretion in this determination. Appellant confessed to stealing Negron's laptop. His explanation for the theft during his confession, that he stole it from the stairs of her back porch, was nonsensical. Negron's description of the events, on the other hand, made sense and was consistent

with the physical evidence.  Accordingly, we will not disturb the trial court's ruling on Appellant's weight of the evidence claim.

In sum, we conclude that we lack jurisdiction over the claims related to case 3366 as no final appealable order has been entered as to those claims.  As to case 3248, we conclude that Appellant is not entitled to relief on any of his claims.  Accordingly, we quash in part and affirm in part.

Appeal quashed as to case 3366.  Judgment of sentence affirmed in case 3248.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2015