**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Michael BOZYK, Appellant.**

Superior Court of Pennsylvania.

Argued July 21, 2009.

Filed Dec. 18, 2009.

---

6. When Appellant was asked if he owned the duffle bags, he specifically stated he did not.

Notes of Testimony, 6/28/07, at 48.

Bradley S. Bridge, Public Defender, Philadelphia, for appellant.

Karen B. Jordan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: STEVENS, BOWES and FITZGERALD,\* JJ.

OPINION BY BOWES, J.:

¶ 1 Michael Bozyk appeals from the judgment of sentence of three and one-half to seven years imprisonment that was imposed after he was convicted by a jury of carrying an unlicensed firearm and carrying a firearm on a public street or property in Philadelphia. We reject Appellant's assertion that his cross-examination of a police officer was improperly curtailed in violation of his Sixth Amendment Confrontation Clause rights; we therefore affirm.

¶ 2 The trial court aptly summarized the facts underlying Appellant's convictions:

\* Former Justice specially assigned to the Superior Court.

On June 29, 2005 approximately 9:00 PM Philadelphia Police Officer Scott Schweizer, in an unmarked vehicle and in plainclothes, was conducting a narcotics investigation when he observed Appellant at the intersection of F and Willard Streets. Schweizer observed males approach Appellant on three different occasions, hand Appellant various amounts of United States Currency whereupon Appellant removed a clear bag and hand[ed] an item to the males after he accepted the currency. The males would then leave the area. Shortly thereafter, Appellant entered the property at 3235 A Street and he did not return. Schweizer then left the area.

Later, approximately 12:30 AM, Schweizer again observed Appellant at the intersection of A and Willard. After advising backup officers of his intentions, Officer Schweizer began to approach Appellant and when he was within 12 feet of Appellant, Appellant produced a black handgun from his waistband area. Schweizer shouted out 'gun' to his fellow officers, whereupon, Appellant turned and fled eastbound on Willard Street with the officers in pursuit for several blocks. When Appellant approached a nearby school Officer Schweizer observed him toss the weapon. Very shortly thereafter Officer Schweizer caught up with Appellant and, after a brief struggle, he was subdued and apprehended. Officer Shawn Carey, who was working as a uniformed backup officer and who was part of the pursuit, retrieved a 9mm handgun from the street underneath a car across the street from the point where Appellant was apprehended. Police firearms expert, Officer Leonard Johnson, testified that the gun recovered by Officer Carey is a Smith and Wesson, model .39 caliber, 9mm Luger. The firearm and ammunition within were found to be operable.

Trial Court Opinion, 6/27/07, at 1–2 (footnote and citations to record omitted).

¶ 3 On appeal, Appellant seeks a new trial because he was not allowed to cross-examine Officer Schweizer with the fact he was subject to disciplinary proceedings after an investigation by the Internal Affairs Division of the Philadelphia Police Department ("IAD"). The following facts are pertinent. At trial, Appellant sought to question Officer Schweizer about an IAD investigation that had occurred in 2000, six years prior to this trial. The incident occurred just one and one-half years after Officer Schweizer became an officer, and Officer Schweizer had no other incidents of disciplinary action afterwards.

¶ 4 In 1999, Officer Schweizer and his partner were on patrol when they saw Corey Porter sitting next to a person who appeared to be holding drugs. In his police report, Officer Schweizer described the incident as a drug transaction. In 2000, Mr. Porter complained to the IAD that he had been physically abused by the two officers. While the IAD concluded that Mr. Porter had not been physically assaulted, Officer Schweizer admitted during the course of the investigation that he had not, in fact, observed a drug transaction. The IAD found that a disciplinary violation occurred due to Officer Schweizer's false statement in a police report, and therefore he was suspended for two days.

¶ 5 In this matter, the Commonwealth filed a motion *in limine* prior to trial to prevent Appellant from questioning the officer regarding the 2000 IAD inquiry; that motion was granted. The trial court concluded that the conduct resulting in the disciplinary action was both remote in time and isolated and that it had no nexus to the present matter. On appeal, Appellant

claims that this ruling deprived him of his Confrontation Clause rights.

> When reviewing the denial of a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. *See Commonwealth v. Zugay*, 2000 PA Super 15, 745 A.2d 639 (Pa.Super.), appeal denied, 568 Pa. 662, 795 A.2d 976 (Pa.Super.2000) (explaining that because a motion *in limine* is a procedure for obtaining a ruling on the admissibility of evidence prior to trial, which is similar to a ruling on a motion to suppress evidence, our standard of review of a motion *in limine* is the same as that of a motion to suppress). The admission of evidence is committed to the sound discretion of the trial court and our review is for an abuse of discretion. *See Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 704 (Pa.1999), *affirmed in part, vacated in part on other grounds and remanded*, 471 F.3d 435 (3d Cir.Pa. 2006).

>> *Commonwealth v. Mitchell*, 588 Pa. 19, 60–61, 902 A.2d 430, 455 (2006). A trial court's ruling regarding the admissibility of evidence will not be disturbed "unless that ruling reflects 'manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.' " *Commonwealth v. Einhorn*, 911 A.2d 960, 972 (Pa.Super.2006).

*Commonwealth v. Owens*, 929 A.2d 1187, 1190 (Pa.Super.2007).

¶ 6 The Confrontation Clause of the Sixth Amendment confers a constitutional right upon the defendant to conduct cross-examination that reveals any motive that a witness may have to testify falsely; however, that right is not unlimited:

> The Confrontation Clause of the Sixth Amendment guarantees the right ·of an accused in a criminal prosecution "to be confronted with the witnesses against him." The right of confrontation, which is secured for defendants in state as well as federal criminal proceedings, *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), "means more than being allowed to confront the witness physically." *Davis v. Alaska*, 415 U.S. [308,] 315, 94 S.Ct. [1105,] 1110 [39 L.Ed.2d 347 (1974) ]. Indeed, " 'the main and essential purpose of confrontation is **to secure for the opponent the opportunity of cross-examination.**' " *Id.*, at 315–316, 94 S.Ct., at 1110 (quoting 5 J. Wigmore, Evidence § 1395, p. 123 (3d ed. 1940)). Of particular relevance here, "we have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis, supra*, at 316–317, 94 S.Ct., at 1110 (citing *Greene v. McElroy*, 360 U.S. 474, 496[,] 79 S.Ct. 1400, 1413, 3 L.Ed.2d 1377 (1959)). It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, and prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. And as we observed earlier this Term, "the Confrontation Clause guarantees an **opportunity** for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20, 106 S.Ct. 292, 295, 88 L.Ed.2d 15 (1985) (*per curiam* ).

*Delaware v. Van Arsdall*, 475 U.S. 673, 678–679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (emphases in original).

¶ 7 A witness may be questioned about pending criminal charges because the witness may be tempted to help convict the defendant in order to obtain leniency on the charges that he currently faces. *Commonwealth v. Evans*, 511 Pa. 214, 512 A.2d 626 (1986). Similarly, a witness may be examined about prior criminal convictions due to the possibility that the witness may be guilty of the crime in question and motivated to deflect blame from him. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In this case, Officer Schweizer had neither a prior nor pending criminal matter against him. Thus, Appellant's reliance upon *Owens* and *Davis* is misplaced.

¶ 8 The pertinent case law permits a police witness to be cross-examined about misconduct as long as the wrongdoing is in some way related to the defendant's underlying criminal charges and establishes a motive to fabricate. *Commonwealth v. Peetros*, 517 Pa. 260, 535 A.2d 1026 (1987) (police witness had been demoted after it was discovered he repeatedly took bribes; defendant was improperly restricted from impeaching him with this evidence since it bolstered entrapment defense in defendant's bribery prosecution); *Commonwealth v. Dawson*, 486 Pa. 321, 405 A.2d 1230 (1979) (police officer was under investigation at trial and had been demoted for beating defendant's co-defendant; defendant should have been permitted to question officer about the matter since it provided officer with motive to obtain conviction against defendant as well as to fabricate fact that defendant had confessed); *Commonwealth v. Sullivan*, 485 Pa. 392, 402 A.2d 1019 (1979) (police witness faced suspension based upon outcome at defendant's

trial and defendant should have been allowed to explore that matter at his trial); *Commonwealth v. Shands*, 338 Pa.Super. 296, 487 A.2d 973 (1985) (defendant awarded new trial because he had not been permitted to impeach officer with fact that he was part of group of police officers who were racially biased, made false arrests, and perjured themselves in criminal prosecutions).

¶ 9 However, if the prior police behavior is unrelated to the present matter and irrelevant, the trial court is permitted to restrict questioning on the prior incident. *Commonwealth v. Boczkowski*, 577 Pa. 421, 846 A.2d 75 (2004) (fact that police witness withheld evidence in prior case was not relevant because there was no evidence of withholding evidence in case at hand); *Commonwealth v. Bright*, 279 Pa.Super. 1, 420 A.2d 714 (1980) (defendant could not impeach police officer with potential disciplinary action for excessive use of force by different officer since that cross-examination had no relationship to case in question); *see also Commonwealth v. Guilford*, 861 A.2d 365, 369 (Pa.Super.2004) (quoting *Bright, supra* at 716) ("a witness may not be contradicted on 'collateral' matters, ... and a collateral matter is one which has no relationship to the case at trial.").

¶ 10 In the present case, Appellant maintains that the prior IAD investigation provided a motive for Officer Schweizer to lie in this prosecution. Appellant's brief at 12 n.5. Specifically, Appellant argues that the officer

> may have thought that it was in his interest to testify consistently with his police reports and prior testimony in this case not because it was true but because doing so would achieve two personal goals of the officer that were unrelated to truth: the officer might believe that such favorable testimony could fore-

stall another police investigation into his false testimony and it might ingratiate him to the Philadelphia District Attorney's Office (which might further forestall another police investigation or an independent prosecutorial investigation into perjury).

Appellant's brief at 13.

¶ 11 We find that Appellant's logic is faulty. The police investigation in 2000 would render Officer Schweizer less, rather than more, likely to commit perjury. The prior disciplinary action would motivate Officer Schweizer to be truthful in his police reports as well as on the witness stand so that he would not suffer further punishment. Officer Schweizer was not under investigation at the time of Appellant's trial and had already been reprimanded. He did not need to ingratiate himself to his superiors by obtaining a conviction because the prior matter was closed. The IAD investigation occurred years before trial, it was resolved with a minor, two-day suspension, and the officer had not been subject to any other disciplinary proceedings. This officer was not involved in bribery or perjury. We agree with the trial court that the 2000 IAD investigation was collateral, irrelevant, and did not provide Officer Schweizer, whose testimony was supported by another officer involved in this interdiction, with a motive to falsely accuse Appellant of possessing a gun. Hence, we do not find an abuse of discretion.

¶ 12 Judgment of sentence affirmed.

¶ 13 Justice FITZGERALD files a Concurring Statement.

**CONCURRING STATEMENT BY FITZGERALD, J.:**

¶ 1 I agree with the result reached by the learned majority. I write separately only to emphasize that this issue should be analyzed on a case-by-case basis. If Officer Schweizer had been the only officer involved, I would conclude that his prior disciplinary action is relevant because his false statement in the report involved his honesty in stating the facts of the arrest. *Compare with Commonwealth v. Boczkowski*, 577 Pa. 421, 846 A.2d 75, 97 (2004) (acknowledging Commonwealth's argument that evidence upon which appellant sought to cross-examine detective did not involve detective's honesty).[1] In the instant case, however, I do not find the disciplinary action relevant because another officer recovered the gun Officer Schweizer saw Appellant throw away. Accordingly, I agree that the disciplinary action is irrelevant under the specific facts of this case.

---

1. I also note that Officer Schweizer's disciplinary action occurred approximately seven years before trial. Defendants are regularly subject to having *crimen falsi* introduced against them when the conviction was within ten years of the defendant's testimony and his reputation for honesty is at issue. *See* Pa.R.E. 609(b).