J-S30034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ZAVON LAVON | |
| Appellant | No. 620 EDA 2014 |

Appeal from the Judgment of Sentence January 29, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007006-2011

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JULY 01, 2015**

Appellant Zavon Lavon appeals from the judgment of sentence entered on January 29, 2014, in the Philadelphia County Court of Common Pleas following his jury trial convictions for robbery[1] and possession of a small amount of marijuana.[2]  We affirm.

On May 26, 2011, when the victim exited a small grocery store, Appellant offered him marijuana, which the victim declined.  N.T., 6/19/2013, at 17-23; Opinion, 11/7/2014, at 2.  Appellant then held a gun to the side of the victim's stomach and told the victim to "give [him] everything that [he] had."  N.T., 6/19/2013, at 24; Opinion, 11/7/2014, at

_____

[1] 18 P.S. § 3701(a)(1).

[2] 35 P.S. § 780-113(a)(31).

2. The victim gave Appellant approximately $675.00. N.T., 6/19/2013, at 19-20, 27. Appellant began to run away, and the victim pursued him. *Id.* at 28. As the victim chased Appellant, he called the Philadelphia Police Department and saw Appellant throw something under a vehicle. N.T., 6/19/2013, at 28-29; Opinion, 11/7/2014, at 2. Police officers later retrieved a gun at this location. N.T., 6/19/2013, at 95-96; Opinion, 11/7/2014, at 2.

Philadelphia police officers arrived and chased Appellant. Opinion, 11/7/2014, at 2. Two police officers testified that they saw Appellant throw a large amount of money on the sidewalk. N.T., 6/19/2013, at 90; N.T., 6/20/2013, at 48.[3] The officers apprehended Appellant and placed him under arrest. N.T., 6/19/2013, at 93-95; N.T., 6/20/2013, at 49; Opinion, 11/7/2014, at 3. The victim's money was not recovered. N.T., 6/19/2013, at 93; N.T., 6/20/2013, at 49; Opinion, 11/7/2014, at 3.

On June 24, 2013, a jury found Appellant guilty of possession of a small amount of marijuana and robbery. N.T., 6/24/2013, at 4.[4] On

---

[3] The trial court opinion stated that one officer observed Appellant throw money. Opinion, 11/7/2014, at 2. At trial, however, both officers testified that they observed Appellant throw money. N.T., 6/19/2013, at 90; N.T., 6/20/2013, at 48.

[4] The jury found Appellant not guilty of firearms not to be carried without a license, carrying a firearm on public streets or public property in Philadelphia, and altering or obliterating marks of identification. 18 Pa.C.S. §§ 6106(a)(1); 6108; 6117(a), respectively.

January 29, 2014, the trial court sentenced Appellant to four-to-ten years' incarceration for robbery. Appellant received no further penalty for the possession charge.

On February 12, 2014, Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.[5]

Appellant raises the following issues on appeal:

> 1. Did not the court err by allowing the detective to testify indirectly regarding [Appellant's] discharged robbery cases in rebuttal of proposed defense testimony of good reputation for peacefulness causing the defense not to adduce evidence of his good character?
>
> 2. Did not the court err by disallowing impeachment of the complainant with his prior conviction for conspiracy/possession with intent to deliver a controlled substance?

Appellant's Brief at 2.

Appellant's issues challenge the trial court's evidentiary rulings. The admissibility of evidence is a matter solely within the discretion of the trial court, and we will reverse an evidentiary ruling only if an abuse of discretion has occurred. *Commonwealth v. Nypaver*, 69 A.3d 708, 716 (Pa.Super.2013) (quoting *Commonwealth v. Hernandez*, 39 A.3d 406

---

[5] With his Rule 1925(b) statement, Appellant filed a motion for an extension of time to file an amended Rule 1925(b) statement. The trial court granted the motion. Counsel subsequently informed the court he would not file an amended statement.

(Pa.Super.2012)). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Dillon*, 925 A.2d 131, 136 (Pa.2007) (quoting *Grady v. Frito–Lay, Inc.,* 839 A.2d 1038, 1046 (Pa.2003)).

Appellant's first issue maintains the trial court erred when it ruled that if Appellant introduced evidence of his reputation for peacefulness, then "a detective could testify that [Appellant] had a bad reputation for peacefulness based on [the detective's] conversations with [two] putative robbery complainants from cases that had been dismissed." Appellant's Brief at 8. Appellant claims this error caused him to not present evidence of his good character. *Id.* at 6-7. Appellant concludes two alleged robbery victims are not a "community" and the trial court's ruling would have permitted the Commonwealth to indirectly introduce evidence of Appellant's alleged prior bad acts to show he acted in accordance therewith. *Id.* at 11-12.

The Pennsylvania Rules of Evidence provides:

> **(a) By Reputation.** When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation. Testimony about the witness's opinion as to the character or character trait of the person is not admissible.
>
> (1) On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct probative of the character trait in question.

> (2) In a criminal case, on cross-examination of a character witness, inquiry into allegations of other criminal conduct by the defendant, not resulting in conviction, is not permissible.

Pa.R.Evid. 405(a). If a defendant offers evidence of his good reputation, the Commonwealth is permitted to offer evidence of his bad reputation on rebuttal. ***Commonwealth v. Johnson***, 615 A.2d 1322, 1331 (Pa.Super.1992). Reputation testimony "must relate to a period at or about the time the offense was committed, and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor." ***Commonwealth v. Johnson***, 27 A.3d 244, 248 (Pa.Super.2011) (quoting ***Commonwealth v. Luther***, 463 A.2d 1073, 1077–78 (1983)) (emphasis deleted). Further, pursuant to Rule 404(b), which governs the admission of crimes, wrongs, and other acts: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.Evid. 404(b).

The trial court made the following ruling regarding reputation testimony:

> THE COURT: However, if the Commonwealth wants to bring on a detective who cannot identify himself as a detective but he can testify he knows people from the community and from those people as to reputation as to [Appellant] is not good as being [a] peaceful person[,] which is what [the] Commonwealth asked to do this morning. But he cannot identify himself as a police officer and he cannot — and I'm sure Ms. Zeccardi will ask how he knows, if these are victims or crime victims — he can testify as to any other character witness and I know people

in the community and among those people the reputation for being peaceful is not good. The rest is up to cross-examination. Obviously if the doors are open, but he must not and cannot identify himself as [a] detective. So that will be my ruling.

[DEFENSE COUNSEL]: Okay. Based on the Court's ruling, we will not be proceeding with character testimony. Note my objection to the Court's ruling.

N.T., 06/20/2014, at 76. This ruling limited the Commonwealth's rebuttal witness testimony to Appellant's reputation for peacefulness in the community and precluded the witness from testifying that he was a detective or that the sources of his information regarding Appellant's reputation were two individuals who alleged Appellant robbed them.

The trial court acted within its discretion when it found that if Appellant introduced testimony regarding his reputation for peacefulness then the Commonwealth could present rebuttal testimony of his reputation for not being peaceful. *See Johnson*, 615 A.2d at 1331. The trial court's ruling ensured the jury did not learn of the prior alleged bad acts.

Appellant next contends the trial court erred because it did not allow Appellant to impeach the victim with the victim's prior conviction for possession of a controlled substance with intent to deliver ("PWID"). Appellant's Brief at 12-14. Appellant alleged the conviction was proper impeachment evidence because the victim testified he did not use drugs and was not knowledgeable about drugs. *Id.* We agree.

Appellant relies on *Commonwealth v. Petrakovich*, 329 A.2d 844 (Pa.1974), to support his contention the victim's drug conviction was

admissible to impeach the victim's testimony, which, Appellant alleges, was that the victim was "a naïf when it came to drugs." Appellant's Brief at 8, 13-14. In **Petrakovich**, the defendant was convicted of the murder of his wife. The defendant testified at trial that his relationship with his wife when they lived in Arizona was "'beautiful' and relatively care-free." **Id.** at 850. On cross-examination, the Commonwealth questioned Appellant as to whether his wife had caused his arrest on charges of assault. **Id.** at 850. Our Supreme Court found the Commonwealth could ask the defendant about the arrests. **Id.** at 850-51. The Court reasoned:

> [A]ppellant in his case in chief had testified to the highly compatible relationship he and his wife had enjoyed in Arizona. This was obviously to prove lack of motive to commit the crime. The prosecution was entitled to meet this testimony with evidence of disharmony between the spouses. Evidence that appellant's wife had caused his arrest for alleged assault upon her was clearly rebuttal, and it was not improper to accomplish that rebuttal by means of cross-examination, notwithstanding that the question involved reference to an arrest.

**Id.** at 851.

At trial, the victim stated he received an unsolicited offer from Appellant to purchase marijuana. On cross-examination, the following exchange occurred:

> [DEFENSE COUNSEL]: And he starts, you say he comes up and starts talking to you about pot?
>
> [VICTIM]: Yes.
>
> [DEFENSE COUNSEL]: And it wasn't the other way around; was it?

- 7 -

[VICTIM]: No.

[DEFENSE COUNSEL]: Are you sure?

[VICTIM]: Yes.

[DEFENSE COUNSEL]: And he pulls some out; right?

[VICTIM]: He pulled some marijuana out, yes, he did.

[DEFENSE COUNSEL]: Pulled out a couple bags?

[VICTIM]: Yes.

[DEFENSE COUNSEL]: And it wasn't the other way around?

[VICTIM]: Why would I have marijuana in my pocket for?

[DEFENSE COUNSEL]: He didn't snatch it out of your hand; did he?

[VICTIM]: Why would I have marijuana in my pocket if I had money in my pocket? I don't smoke. You can take [a] urine test or hair sample of my hair and you can see that I don't smoke. I have no marijuana in my house. You are more than welcome to come in my house, more than welcome to come in my family. And you are welcome to take my hair sample because hair is longer that urine and you can check if I did any drugs in my life.

[DEFENSE COUNSEL]: Not everybody who sells drugs does drugs; correct, sir?

[VICTIM]: But from watching movies, if it stays, if it got in your pores, it stays in your system. That's what I'm going by. I'm not sure. I'm not sure if that is true or not, but if you touch anything it goes in your pores. You got pores all in your hand.

[DEFENSE COUNSEL]: May I see the Court at sidebar?

[THE COURT]: Excuse us.

  (Discussion with court at sidebar.)

[THE COURT]: Counsel may proceed

. . .

[DEFENSE COUNSEL]: Now, before we went into the back, I was questioning you regarding whether you were the one that had the marijuana –

[VICTIM]: Yes.

[DEFENSE COUNSEL]: -- that day, and you denied that you were?

[VICTIM]: Yes, because I didn't.

[DEFENSE COUNSEL]: And in denying that you were the person selling the marijuana that day, you said, I don't do drugs?

[VICTIM]: I don't.

[DEFENSE COUNSEL]: And my question then was, you don't have to do drugs in order to sell drugs; isn't that correct?

[VICTIM]: Yes.

N.T., 6/19/2013, at 68-70. During the victim's testimony, Appellant sought to impeach the testimony with evidence of the victim's prior PWID conviction.

The trial court found no evidence the victim had a PWID conviction[6] and, if he did, Appellant would not have been able to use this conviction to impeach the victim.[7] Opinion, 11/7/2014, at 6. The trial court reasoned a

_____

[6] At trial, defense counsel argued, and the Commonwealth did not dispute, that the victim had a juvenile adjudication for possession with intent to deliver. N.T., 6/20/2013, at 3-4.

[7] The trial court also found Appellant did not properly preserve the claim. Opinion, 11/7/2014, at 4 n.3. Appellant stated he made a contemporaneous
*(Footnote Continued Next Page)*

defendant may cross-examine a witness regarding criminal charges that are pending at the time of trial because the defense is permitted to show possible bias due to the potential leniency following his testimony. *Id.* at 5. Here, Appellant sought to use a prior conviction, not pending charges, and there was no evidence the victim would "curry favor with the prosecutor through his testimony." *Id.* The trial court further noted that, pursuant to Pennsylvania Rule of Evidence 609, only convictions for crimes involving dishonesty or false statement may be used to impeach a witness's credibility, and the victim's drug conviction was not a crime involving dishonesty or false statement. *Id.*[8] This was error.

Appellant did not seek to introduce the PWID conviction to rebut the witness's character trait for truthfulness. Rather, Appellant sought to introduce the PWID conviction to impeach the victim's testimony that he did not sell drugs and the implication that he did not know anything about drugs.

*(Footnote Continued)* ──────────

objection to a trial court ruling that he could not impeach the victim with the drug conviction on June 19, 2013, and argued for its admissibility on June 20, 2013. Appellant's Brief at 14 n.1. Although the discussion at sidebar was not transcribed, the transcript states a discussion took place at sidebar during the victim's June 19, 2013 testimony that he did not do drugs. N.T., 6/19/2013, at 69. Further, the parties presented argument on the issue on June 20, 2013. N.T., 6/20/2013, at 3-4.

[8] At trial, the Commonwealth argued the testimony did not open the door to permit cross-examination with the prior conviction. N.T., 9/20/2013, at 4.

This Court has stated:

> One who induces a trial court to let down the bars to a field of inquiry that is not competent or relevant to the issues cannot complain if his adversary is also allowed to avail himself of that opening. The phrase 'opening the door' . . . by cross examination involves a waiver. If defendant delves into what would be objectionable testimony on the part of the Commonwealth, then the Commonwealth can probe further into the objectionable area.

*Commonwealth v. Lewis*, 885 A.2d 51, 54-55 (Pa.Super.2005); *accord Commonwealth v. Boyzk,* 987 A.2d 753 (Pa.Super.2009) (defendant permitted to cross-examine police witness "about misconduct as long as the wrongdoing is in some way related to the defendant's underlying criminal charges and establishes a motive to fabricate"); *See Commonwealth v. Hernandez*, 862 A.2d 647, 651 (Pa.Super.2004) (where defendant asserted he did not sell drugs, Commonwealth was permitted to question defendant about prior convictions that contradicted this assertion); *Commonwealth v. Trignani*, 483 A.2d 862, 869 (Pa.Super.1984) (where Appellant claimed he never shot anyone, Commonwealth was allowed to introduce his prior conviction for aggravated robbery where Appellant shot a store clerk during the robbery); *Commonwealth v. Smith*, 467 A.2d 1120, 1125 (Pa.1983) (counsel ineffective for failure to argue for use of witness's prior conviction for robbery and homicide, in which Appellant could not have participated, where witness admitted to being present at the robbery and homicide at issue in *Smith* but claimed Appellant forced her to participate and Appellant denied participating the robbery and murder); *see also Commonwealth v.*

- 11 -

*Mullins*, 665 A.2d 1275, 1278 (Pa.Super.1995) ("witness'[s] status as accuser does not obviate the need for full cross-examination. To the contrary, 'the victim, as accuser, must be subject to the utmost scrutiny if his accusations are to fairly form the basis of the criminal prosecution at hand.'").

On cross-examination, victim stated: "why would I have marijuana in my pocket if I had money in my pocket?" Further, he implied his only knowledge of drugs and drug testing was from movies. Such testimony opened the door to cross-examination by Appellant as to the victim's prior PWID conviction. The trial court erred when it denied Appellant's request to impeach the victim with the prior PWID conviction.

Although the trial court erred in denying Appellant' request to use the PWID conviction as impeachment evidence, the error was harmless. "[A]n error may be harmless where the properly admitted evidence of guilt is so overwhelming and the prejudicial effect of the error is so insignificant by comparison that it is clear beyond a reasonable doubt that the error could not have contributed to the verdict." *Commonwealth v. Noel*, 104 A.3d 1156, 1172 (Pa.2014) (quoting *Commonwealth v. Story*, 383 A.2d 155, 166 (Pa.1978)). If Appellant had impeached the victim's testimony with evidence of the prior PWID conviction, the jury may have questioned whether the victim attempted to sell Appellant drugs, rather than the Appellant attempting to sell the victim drugs. However, the victim also testified that he saw Appellant throw something under a car, and the police

- 12 -

officers retrieved a gun from the location. Further, two police officers testified that, as they pursued Appellant, they observed Appellant throw money and, when he was arrested, Appellant possessed a small amount of marijuana. Regardless which individual attempted to sell drugs, Appellant or the victim, the testimony and evidence presented support Appellant's convictions for robbery and possession of a small amount of marijuana.[9]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2015

---

[9] Appellant filed three motions reiterating various arguments raised on appeal: (1) Motion to dismiss all charges; (2) motion to dismiss fraudulent charge; and (3) motion to order a retrial. We deny these motions.