**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSHUA PAUL SHIREY | |
| Appellant | No. 186 MDA 2016 |

Appeal from the Judgment of Sentence January 12, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001751-2015

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 17, 2017**

Joshua Paul Shirey appeals from the judgment of sentence, entered in the Court of Common Pleas of Berks County, following his conviction for making terroristic threats.[1]  Upon review, we affirm.

Shirey was charged with making terroristic threats after he sent a series of letters to Angela Shirey, his estranged wife, beginning in January 2015.  Shirey wrote the letters from the Berks County Jail; they were made to appear as if they were sent by other individuals.  One letter threatened to kill Glenn Cooper, Angela's new boyfriend, with whom she was residing.[2]

---

[1] 18 Pa.C.S. § 2706(a)(1).

[2] The letter addressed Cooper directly, and included the following language:

> Be ready to move because when you hear my footsteps, it[']s
> to[o] late.  You wanna fuck wit[h] wifey[,] I'm gonna murder

*(Footnote Continued Next Page)*

Following a jury trial on January 11 and 12, 2016, Shirey was convicted on the sole count of making terroristic threats.

Shirey was sentenced to 19 months' to 5 years' incarceration on January 12, 2016. Shirey filed a timely notice of appeal and court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[3] On appeal, Shirey raises the following issue for our review: "Did not the trial court err and abuse its discretion by restricting counsel's cross-examination of Commonwealth witnesses Angela Shirey and Glenn Cooper?" Brief for Appellant, at 4.

> We note that
>
> [t]he determination of the scope and limits of cross-examination are within the discretion of the trial court, and we cannot reverse those findings absent a clear abuse of discretion or an error of

*(Footnote Continued)* ────────────────

> [you] and smear your fuckin[g] brain matter on da fuckin[g] concrete. You gonna get yourself killed over her[,] cuzz. I fuckin[g] warned you and I'm already gonna break your face and legs from the first time[,] [regardless,] faggot. Now I[']m gonna take the wind out [of] your fuckin[g] lungs. . . . I'm gonna murder you wherever[,] I'm gonna walk straight in your fuckin[g] house. If you got guns[,] load [']em [']cause you[']re] gonna need [']em.

Commonwealth Exhibit 1, Letter Postmarked 1/28/15.

[3] We note that Shirey filed a *pro se* Rule 1925(b) statement. However, he was and continues to be represented by counsel, who filed a Rule 1925(b) statement several days later. The trial court accepted and considered the counseled statement. ***See Commonwealth v. Ellis***, 626 A.2d 1137, 1139 (Pa. 1993) (no constitutional right to hybrid representation on appeal).

law. [A]n abuse of discretion is not a mere error in judgment, but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. Furthermore, when a trial court indicate[s] the reason for its decision our scope of review is limited to an examination of the stated reason.

*Commonwealth v. Davis*, 17 A.3d 390, 395 (Pa. Super. 2011) (citations and quotation marks omitted).

Instantly, Shirey "sought to cross-examine Angela Shirey and Glenn Cooper with information, namely pending criminal charges and the circumstances surrounding those charges[,] which would have signaled to the jury a bias in the manner of their testimony towards the Commonwealth." Brief for Appellant, at 9. Shirey alleged that a methamphetamine lab was set up in Angela Shirey's house; Shirey sought information regarding the nature, grading, and penalties of Cooper's pending charges after Cooper testified to being on accelerated rehabilitative disposition (ARD) for fleeing and eluding the police, having a pending charge of theft, and recently having a preliminary hearing on charges of possession with intent to distribute methamphetamine.[4] *See* N.T. Trial, 1/11/16, at 128-29.

---

[4] At trial, Shirey also attempted to insinuate bias based upon his belief that Cooper was a confidential informant for the Commonwealth. *See* N.T. Trial, 1/11/16, at 140 (Shirey sent letter to Cooper accusing him of being an informant). This belief was based upon conjecture. The trial court limited cross-examination in this area, and Shirey raised this as an error in his counseled Rule 1925(b) statement. However, Shirey has failed to include any argument on this point in his brief, and, accordingly, this issue is waived.

While

[t]he Confrontation Clause of the Sixth Amendment confers a constitutional right upon the defendant to conduct cross-examination that reveals any motive that a witness may have to testify falsely . . ., that right is not unlimited:

. . .

[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, and prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.  And as we observed earlier this Term, the Confrontation Clause guarantees an **opportunity** for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.

*Commonwealth v. Bozyk*, 987 A.2d 753, 756 (Pa. Super. 2009) (quoting

*Delaware v. Van Arsdall*, 475 U.S. 673, 678-79, (1986) (emphasis in

original)) (citations and quotation marks omitted).

Here, Shirey was given an opportunity to cross-examine Cooper, and the jury was made aware of Cooper's pending charges.  However, Cooper also testified that he did not receive payment or promises from the Commonwealth in exchange for his testimony.  Furthermore, as the trial court noted,

[t]he nature, grading and penalties of pending charges against Mr. Cooper were irrelevant to whether he exhibited motive and bias to be a Commonwealth witness. . . .  Any additional testimony regarding Mr. Cooper's pending criminal charges would have only served to confuse the issues and require the jury to consider the facts, penalties and gradings of charges not properly within the purview of the jury.

- 4 -

Trial Court Opinion, 4/4/16, at 6-7.  Accordingly, the court acted within its discretion in limiting cross-examination in this matter.  **Bozyk**, **supra**.  We discern no abuse of discretion by the trial court.  **Davis**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/17/2017</u>