J-S18013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN LOPEZ | : | |
| | : | |
| Appellant | : | No. 525 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 7, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002371-2017

BEFORE: KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 23, 2020**

Jonathan Lopez appeals from the judgment of sentence following his convictions for strangulation and simple assault[1] claiming that the court denied his Sixth Amendment right to confrontation by admitting hearsay evidence and that the evidence was insufficient to sustain these convictions. Upon review, we affirm.

On March 15, 2017, Deborah Brown and Lopez, her boyfriend, got into a fight; Brown called the police. After the police arrived, Brown gave a statement to the police, which stated:

> He sent text messages to me about [f---ing] me up when I came home. I came home and we argued. He fell asleep on the couch. I don't know what woke him up but I was beginning to enter the bathroom and I saw him coming behind me so I crouched down

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2718(a)(1) and 18 Pa.C.S.A. § 2701(a)(1).

> because I didn't want to get hit in the face. As I was crouched he began choking me from behind. I couldn't breathe and I was shaky. I had my phone in my pocket and when he finally let up I struggled to dial 911 in between trying to fight him for the phone. I could barely dial because I was shaky and everything became fuzzy. I can't even describe properly how it felt when he finally let up. It's a feeling I had never felt before. He is referred to as Jonathan Lopez.

When Officer Rodney Zwigart arrived on the scene, he immediately noticed red marks on Brown's neck, which started to turn blue. Brown was visibly shaken and upset. **See** Trial Court Opinion, 05/7/19, 2-3. Lopez was arrested and charged.

At Lopez's jury trial, the Commonwealth introduced several phone calls recorded between Lopez and Brown while Lopez was in jail. During one of those calls, Brown told Lopez that she was subpoenaed to go to court. Lopez told Brown that you "don't even have to go though." Lopez also told her "[s]o, when you go you're going to say that you lied?" Lopez also told Brown all she had to do was put reasonable doubt in the minds of the jury, and he told her how to testify. Notably, the Commonwealth introduced this evidence through Officer Zwigart, who testified the day after Brown, when Brown was not in court. Lopez objected to the admission of this evidence on the grounds that it was hearsay and violated his Sixth Amendment right to confront the witness, but the trial court overruled his objection.

The jury convicted Lopez of strangulation and simple assault. The trial court sentenced him to 24 to 48 months' incarceration on the strangulation

conviction and 12 to 24 months' incarceration on the simple assault conviction, to run concurrently. No post-sentence motion was filed.

Lopez filed this timely appeal. The trial court and Lopez complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Lopez raises the following two issues:

I.     Did the [trial court] abuse its discretion by failing to sustain Lopez' objection to the admission of prison phone calls purportedly between the defendant and a Commonwealth witness, thus denying the defendant his Constitutional right to confront his accuser in violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution?

II.    The evidence presented at trial was insufficient for a jury to return verdicts of guilt on Count 1, Strangulation, and Count 2, Simple Assault.

Lopez's Brief at 6.

In his first issue, Lopez argues that the trial court erred in admitting the prison telephone recordings between him and Brown over his objection that they constituted hearsay and violated his Sixth Amendment right to confrontation. Lopez's Brief at 12-14. Because the Commonwealth introduced the recordings through Officer Zwigart, who testified when Brown was not in court, Lopez argues he was unable to cross-examine her regarding their conversations. *Id.* at 11.

An appellate court's standard of review of a trial court's evidentiary rulings, which include rulings on the admission of hearsay, is abuse of discretion. *Commonwealth v. Walter*, 93 A.3d 442, 449 (Pa. 2014) (citing

*Commonwealth v. Delbridge*, 855 A.2d 27, 34 n.8 (Pa. 2003)). However, whether a defendant has been denied his right to confront a witness under the Confrontation Clause of the Sixth Amendment to the United States Constitution is a question of law, for which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Yohe*, 79 A.3d 520, 530–31 (Pa. 2013) (citing *Commonwealth v. Cannon*, 22 A.3d 210 (Pa. 2011)).

The Confrontation Clause of the Sixth Amendment, applicable to the states through the due process clause of the Fourteenth Amendment, provides that in "all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *Idaho v. Wright*, 497 U.S. 805, 813, 110 S.Ct. 3139, 3145, 111 L.Ed.2d 638 (1990) (citing U.S. CONST. amend. VI). The right is a procedural one intended to ensure the reliability of evidence through cross-examination. *Yohe*, 79 A.3d at 530-31; *Commonwealth v. Bozyk*, 987 A.2d 753, 756 (Pa. Super. 2009). Where the declarant is unavailable for trial, the introduction of hearsay evidence may violate a defendant's right under the Confrontation Clause. *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) (holding that testimonial, out-of-court statements of an unavailable witness cannot be used as evidence against a defendant if the defendant had no prior opportunity to cross-examine the witness, notwithstanding an exception to the hearsay doctrine).

We conclude, contrary to Lopez's argument, that the circumstances at his trial did not present a Confrontation Clause concern. First, we note that Lopez's accuser was available for trial. Undisputedly, the recorded conversations at issue here were between Lopez and Brown. Brown was present at trial and testified. Although Brown testified before the introduction of the recordings through Officer Zwigart the next day, Brown had been subpoenaed for trial and was available for examination. Lopez even acknowledged that he could have examined her. Lopez Brief at 14. Nonetheless, he chose not to question her about the recordings.

The Confrontation Clause does not apply where the out-of-court declarant is available for cross-examination in court. *Commonwealth v. Barnett*, 50 A.3d 176, 189 n.6 (Pa. Super. 2012). Because Brown, the declarant in question, was available for cross-examination at trial, Lopez's alleged Confrontation Clause claim fails.

Moreover, the statements at issue here were not testimonial in nature and therefore did not trigger Confrontation Clause concerns. "[T]hey were not made under circumstances which would "lead an objective witness reasonably to believe that the statements would be available for use at a later trial[.]" *Crawford*, 541 U.S. at 52, 124 S.Ct. 1354. Also, the primary purpose of the conversations was not "to establish or prove past events potentially relevant to later criminal prosecutions." *Commonwealth v. Abrue*, 11 A.3d 484, 492 (Pa. Super. 2010). Instead, the statements at issue here arose out of casual conversations between Lopez and Brown. Such "'out-of-court non-

testimonial statements . . . are subject only to a state's hearsay rules and are exempted . . . from Confrontation Clause scrutiny.'" ***Id.*** at 488 (quoting ***Crawford v. Washington***, 541 U.S. at 68, 124 S.Ct. 1354)).[2]

In his second issue, Lopez challenges the sufficiency of evidence to sustain his two convictions. When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." ***Commonwealth v. Thomas***, 215 A.3d 36, 40 (Pa. 2019). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Commonwealth v. Brown***, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Vargas***, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id***. A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our

---

[2] In his statement of issues, Lopez does not challenge the admissibility of these statements as hearsay. Such challenge would have failed in any event. First, as the trial court concluded, the statements were not hearsay because they were not offered for the truth. Second, even if offered for the truth, the statements fell within an exception to the hearsay rule because they were statements of a party opponent. Pa.R.Evid. 803(25).

standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1076 (Pa. 2017).

Lopez first argues that the evidence was insufficient to sustain his conviction for strangulation. Specifically, Lopez contends that the Commonwealth failed to show that he actually strangled Brown; during trial, Brown never testified that Lopez strangled her. Instead, Brown testified she did not remember what happened that day, was intoxicated at the time, had been angry at Lopez over a prior incident between them, and did not have any injuries. Lopez' Brief at 16.

To convict Lopez of strangulation, the Commonwealth had to prove that he, "knowingly or intentionally impeded the breathing or circulation of the blood of another person by either (1) applying pressure to the throat or neck; or (2) blocking the nose and mouth of the person." 18 Pa.C.S.A. § 2718(a). Notably, "[i]nfliction of a physical injury to a victim shall not be an element of the offense. The lack of physical injury to a victim shall not be a defense in a prosecution" of this offense. 18 Pa.C.S.A. § 2718(b).

Based upon our review of the record, we conclude that the Commonwealth presented sufficient evidence to demonstrate that Lopez strangled Brown. The trial court aptly summarized this evidence:

> In the matter at hand, there was evidence presented to show that the Defendant knowingly or intentionally impeded the breathing of the victim by applying pressure. Despite being a hostile witness, through the victim, the Commonwealth introduced a statement that the victim wrote immediately after the attack. Here, the victim stated that the Defendant "began choking me from behind" and that she "couldn't breath[e] and was shaky." The victim

- 7 -

> further indicated that everything became fuzzy and that it was a feeling that she never had before. The Commonwealth also introduced photographs of the injury the victim sustained. These photographs show[ed] redness around [Brown's] neck and throat area. Finally, Officer Zwigart testified that he could see red marks on the victim's neck and that they started to turn blue.

Trial Court Opinion, 5/7/19, at 6-7. Although Brown did not remember what transpired that day and therefore did not testify at trial that Lopez strangled her, the trial court observed that the transcripts from the phone calls showed that Brown intended to feign a lack of memory as a result of Lopez's coaxing. Trial Court Opinion, 5/7/19, at 7. Furthermore, as the trial court observed, this statute specifically provides that the Commonwealth need not show that Brown sustained any injury and that lack of a physical injury is not a defense. *Id.*

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to sustain Lopez's conviction for strangulation.

Finally, Lopez argues that the evidence was insufficient to sustain his conviction for simple assault. Again, Lopez contends that Brown did not testify at trial that he strangled her. Lopez's Brief at 17.

To convict Lopez of simple assault, the Commonwealth had to prove that he attempted to cause or intentionally, knowingly or recklessly caused bodily injury to another. 18 Pa.C.S.A. § 2701(a)(1).

For the reasons discussed above, we similarly conclude that the Commonwealth presented sufficient evidence to prove that Lopez assaulted

Brown. The evidence showed that after the incident, Brown reported to police that Lopez put his hands around her throat. Brown had red marks on her neck, which started to turn blue. It is clear that Lopez's actions caused bruising on Brown's neck. This evidence was sufficient to establish that Lopez intentionally, knowingly or recklessly caused bodily injury to another.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that the Commonwealth presented sufficient evidence to sustain Lopez' conviction for simple assault.

Based upon the foregoing, Lopez' sufficiency claims fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/23/2020