J-S25010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM COIT | : | |
| | : | |
| Appellant | : | No. 2012 EDA 2022 |

Appeal from the Judgment of Sentence Entered June 29, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001047-2019

BEFORE: NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED OCTOBER 10, 2023**

Appellant William Coit appeals from the judgment of sentence imposed following his conviction for violations of the Uniform Firearms Act (VUFA) and related offenses. Appellant argues that the trial court erred by limiting the scope of cross-examination. We affirm.

The trial court set forth the following factual and procedural history:

Around 7:00 p.m. on Sunday, December 2, 2018 at 330 E. Somerset Street in Philadelphia[], Appellant argued with the complainant, Kenneth Wall as he sat on his steps with his dog, playing loud music behind a black security gate attached to his doorframe. When Mr. Wall declined to lower the volume, Appellant went to his nearby vehicle and retrieved a black semi-automatic gun from the car and fired a shot. [] Appellant, accompanied by an unidentified individual, proceeded to threaten Mr. Wall and his family, stating he was going to "firebomb Mr. Wall's house," and advising he "better move" because he was "not safe around here."

Mr. Wall fled into his home and called the police, who arrived quickly to the location, while Appellant, with the gun in his waistband, left the scene with his cohort. Investigating Detective

Stanley Przylowski recovered a nine-millimeter fired cartridge casing from the sidewalk, took photographs of the scene and recorded statements from witnesses. That evening, Mr. Wall, identified Appellant in a photo array, and the following day, December 3, 2018, an arrest warrant was issued. Appellant was arrested December 15, 2018, on the same block where the incident occurred.

Following a waiver trial on February 8, 2022, Appellant was convicted of possession of a firearm prohibited, firearms not to be carried without a license, carrying firearms in public in Philadelphia, possession [of] an instrument of crime [], terroristic threats, simple assault, [and] recklessly endangering another person[. The trial court acquitted Appellant of] the remaining charge of aggravated assault. A [pre-sentence investigation] and a mental health assessment were ordered. On June 29, 2022, Appellant was sentenced to 5-to-10 years with probation for the charge of possession of a firearm prohibited, and 3 ½ to 7 years for firearm[s] not to be carried without a license, no probation, to be served concurrently. He received no further penalty on the remaining charges. Appellant argued a motion to reconsider, subsequently denied by the [trial court] on August 8, 2022.

Trial Ct. Op., 10/11/22, at 2-3 (citations to the record omitted) (formatting altered).

On August 15, 2022, Appellant filed a timely notice of appeal. Appellant subsequently filed a Pa.R.A.P. 1925(b) statement, and the trial court issued an opinion addressing Appellant's claims.

On appeal, Appellant raises the following issue for our review:

[Whether] the trial court committed reversible error in precluding defense counsel from cross-examining the complainant to establish bias following his failure to appear for the preliminary hearing and then-pending charges for possession of a firearm[?]

Appellant's Brief at 3 (citation omitted).

In his sole issue on appeal,[1] Appellant argues that the trial court abused its discretion when it restricted Appellant's counsel from cross-examining the complainant about a pending firearms charge and the complainant's failure to appear at the preliminary hearing. *Id.* at 10. In support, Appellant asserts that "[t]rial counsel wished to pursue this line of questioning to reveal the potential bias of the complainant, who may have been receiving preferential treatment in exchange for his testimony against Appellant, and to establish a defense that the complainant is the person who possessed the firearm." *Id.* at 15. Additionally, Appellant claims that the fact "[t]hat Mr. Wall had an open matter for [VUFA] and failed to appear for Appellant's preliminary hearing is relevant because it tended to make it more probable that Mr. Wall possessed the firearm at the time of the confrontation on December 2, 2018." *Id.* at 13 (citing Pa.R.E. 401). Further, Appellant claims that the complainant's failure to appear at the preliminary hearing was relevant because "the determination

_____

[1] The Commonwealth contends that Appellant has waived his issue on appeal by failing to file a timely Rule 1925(b) statement. Our review of the record confirms that Appellant initially filed a Rule 1925(b) statement on September 7, 2022, one day after the trial court's twenty-one-day deadline. On September 9, 2022, without requesting or receiving leave of court, Appellant filed a supplemental Rule 1925(b) statement. The trial court accepted Appellant's untimely supplemental Rule 1925(b) statement and issued a Rule 1925(a) opinion addressing those claims. Therefore, although Appellant's Rule 1925(b) statements were untimely, we decline to find waiver. *See Commonwealth v. Rodriguez*, 81 A.3d 103, 104 n.2 (Pa. Super. 2013) (citation omitted) (stating that "the untimely filing of a court-ordered Rule 1925(b) statement does not automatically result in wavier of the issues on appeal. If the trial court accepts an untimely Rule 1925(b) statement and addresses the issues raised in its Rule 1925(a) opinion, we will not determine the issues to be waived").

of Appellant's guilt was wholly depend[ent] upon the credibility of [Mr. Wall]."
*Id.* at 19.

The right to cross-examine witnesses, although fundamental, is not absolute. *Commonwealth v. Rosser*, 135 A.3d 1077, 1088 (Pa. Super. 2016) (*en banc*). "A trial court has discretion to determine both the scope and the permissible limits of cross-examination. The trial judge's exercise of judgment in setting those limits will not be reversed in the absence of a clear abuse of that discretion, or an error of law." *Commonwealth v. Briggs*, 12 A.3d 291, 335 (Pa. 2011) (citations and quotation marks omitted).

> An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. If in reaching a conclusion the trial court overrides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. LeClair*, 236 A.3d 71, 78 (Pa. Super. 2020) (citation omitted).

The Confrontation Clause of the Sixth Amendment of the United States Constitution provides a defendant with a constitutional right "to conduct cross-examination that reveals any motive that a witness may have to testify falsely." *Commonwealth v. Bozyk*, 987 A.2d 753, 756 (Pa. Super. 2009); *see also Commonwealth v. Gentile*, 640 A.2d 1309, 1313 (Pa. Super. 1994) (stating that "cross-examination directed toward revealing possible bias, interest or motive of a witness in testifying against the defendant is

always relevant as discrediting the witness and affecting the weight of [her] testimony").

"A witness may be questioned about pending criminal charges because the witness may be tempted to help convict the defendant in order to obtain leniency on the charges that he currently faces." ***Bozyk***, 987 A.2d at 757 (citation omitted). However, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, and prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." ***Id.*** at 756 (citation omitted); ***see also Rosser***, 135 A.3d at 1088.

With respect to a trial court's authority to restrict the scope of cross-examination, our Supreme Court has explained:

> A trial judge's refusal to allow a line of questioning on cross-examination amounts to exclusion of evidence; preservation for appeal of an objection to the exclusion generally requires a formal proffer of the contents and relevancy of the excluded evidence. . . .
>
> Of course, the proffer of a defendant whose cross-examination has been restricted does not need to be extremely specific, for the obvious reason that the defendant cannot know exactly how the witness will respond, especially when the cross-examination is an attempt to show bias. Nevertheless, the proffer must at least be sufficient to establish that the cross-examination will likely reveal information nominally relevant to the proceeding. A simple assertion that cross-examination will reveal bias is not sufficient to establish a need for that cross-examination; **it is necessary to demonstrate a relevant relationship between the expected testimony on cross-examination and the nature of the issue before the court.**

*Commonwealth v. Smyrnes*, 154 A.3d 741, 752-53 (Pa. 2017) (citation and footnote omitted, emphasis in original).

In **Smyrnes**, defense counsel attempted to cross-examine a witness about whether her abilities to think rationally and recall events are affected when she does not take her prescribed medications. **Id.** at 750-751. The Commonwealth objected and argued that defense counsel's questions should be limited to a specific time frame. **Id.** at 751. The trial court instructed defense counsel to confine his questions to the month when the murder occurred. **Id.** The witness subsequently testified that she clearly recalled the murder and the events surrounding it. **Id.**

On appeal, the defendant argued that the trial court erred by restricting the scope of his cross-examination. **Id.** at 750-51. The **Smyrnes** Court explained that defense counsel's original questions were "highly generalized and untethered to the time period addressed by [the witnesses'] testimony[.]" **Id.** at 752. Therefore, our Supreme Court concluded that "in light of defense counsel's failure to advise the trial court that he intended to attempt to confine his questioning according to the prescription medications in issue and any reasonably contemporaneous episodes of impairment," the trial court did not abuse its discretion in limiting the scope of the cross-examination. **Id.** at 753 (citation omitted); **see also Rosser**, 135 A.3d at 1089-90 (concluding that the trial court properly precluded the defendant's proposed cross-examination of the victim where the defendant failed to provide any foundation for his question).

Finally, we note that in order to preserve an evidentiary issue for appellate review, "a party must interpose a timely and specific objection in the trial court. The rule is well settled that a party complaining, on appeal, of the admission of evidence in the court below will be confined to the specific objection there made." *Commonwealth v. Thomas*, 194 A.3d 159, 166 (Pa. Super. 2018) (citations omitted and formatting altered).

An *en banc* panel of this Court further stated:

One must object to errors, improprieties or irregularities at the earliest possible stage of the criminal adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter. Issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Trial judges must be given an opportunity to correct errors at the time they are made. Where the trial court denies relief on one theory, a defendant may not attain appellate relief on a new theory for that same relief.

*Rosser*, 135 A.3d at 1086 (citations omitted) (formatting altered).

Here, during Appellant's cross-examination of the complainant, the following exchange occurred:

[Appellant's counsel]: Here's what I'm arguing. Did you go to the preliminary hearing?

[Complainant]: I went to the police when I was in fear for my safety.

[Appellant's counsel]: Did you go to the preliminary hearing on February 8th of 2019?

[Complainant]: I'm not sure, sir.

[Appellant's counsel]: Sir, you sent your wife instead?

[Complainant]: Say that again?

- 7 -

[Appellant's counsel]: You sent your wife to the preliminary hearing. You didn't show up, right?

[Complainant]:  If that's the facts. I'm sure you know better than me.

[Appellant's counsel]: Did you testify at a preliminary hearing?

[Complainant]:    I don't know, sir.  I can't recall.

[Appellant's counsel]: Sir, you didn't testify at a preliminary hearing because you had an open gun case, right?

[The Commonwealth]:  Objection, Your Honor.

[Appellant's counsel]: It goes to access to guns, Your Honor.  They do it all the time.

THE COURT: Sustained.

[Appellant's counsel]: Judge, it's a witness.  It goes to access to guns.

[The Commonwealth]: I would ask counsel to cite the Rule of Evidence –

[Appellant's counsel]: [Pa.R.E.] 603, Your Honor.  Witness can be cross-examined as to their credibility on any matter[].  And the Commonwealth constantly argues access to guns – access to guns.

THE COURT: Sustained.  It's irrelevant.  Sustained.

N.T. Trial, 2/8/22, at 31-32 (formatting altered).

Here, the record reflects that Appellant objected to the trial court's ruling on cross-examination on the basis that evidence of the complainant's open gun case could be used to establish the complainant's "access to guns." *See id.* at 32.  Additionally, Appellant referred to Rule 603, which sets forth the requirement that witnesses take an oath or affirmation to testify truthfully. *See* Pa.R.E. 603 (stating that "[b]efore testifying, a witness must give an oath

or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience"). However, Appellant failed to provide any foundation concerning his intent to question the witness in order to establish the witness's potential bias. Therefore, to the extent he claims that the trial court violated "his right to cross-examine the complainant to explore potential bias and present a defense," he has failed to preserve that claim on appeal. *See Thomas*, 194 A.3d at 166; *see also Rosser*, 135 A.3d at 1086.

With respect to the complainant's pending firearms charge, the trial court concluded that the evidence was "irrelevant" to the charges against Appellant. Therefore, to the extent Appellant claims that the trial court "should have assessed the admissibility of the complainant's unlawful possession of a firearm under the standard set forth for relevancy and applied the similar weapon exception to permit this line of questioning," we conclude that the issue is meritless. Appellant's Brief at 21, citing Pa.R.E. 401.

Finally, to the extent Appellant argues that he did not have the opportunity to cross-examine the complainant about his failure to appear at the preliminary hearing, the record belies that claim. *See* N.T. Trial, 2/8/22, at 31-32. Additionally, Appellant did not revisit that issue after the Commonwealth objected to Appellant's question about the pending gun charge. *See id.* at 32-40. Therefore, Appellant's claim fails.

For these reasons, we affirm.[2]

Judgment of sentence affirmed. Application for relief denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/10/2023

---

[2] While this appeal was pending, Appellant filed an application for relief in this Court. Therein, Appellant requested that we remand this matter for a supplemental Rule 1925(b) statement so that Appellant could raise a discretionary sentence claim that the trial court erred in failing to grant Appellant's request that his state sentence run concurrent to his federal sentence. Application for Relief, 7/26/23, at 2. Appellant also asserts that the trial court erred in failing to order the Pennsylvania Department of Corrections provide Appellant credit for time served. *Id.* To the extent that Appellant seeks to amend his Rule 1925(b) statement, the request is unclear as to whether he is asserting a discretionary sentence claim or that he is claiming an error in the computation of his sentence term by the Department of Corrections. To the extent that Appellant takes issue with the Department of Corrections' computation of his time credit, his recourse is to file an action in the Commonwealth Court. *See Commonwealth v. Heredia*, 97 A.3d 392, 395 (Pa. Super. 2014) (noting that the appropriate vehicle to challenge to the Department's credit for time served computations is an original action in Commonwealth Court). However, his discretionary sentence claim is waived because he failed to file post sentence motions raising this issue. Accordingly, Appellant's application for relief is DENIED.